UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL WATKINS,

        Petitioner,

                                  CASE NO. 2:09-CV-14990

v.                              JUDGE PAUL D. BORMAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

LINDA TRIBLEY,

        Respondent.[1]

_____/

## REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     D.    *Innocence and Sufficiency of the Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
          1.    *Actual Innocence/Newly Discovered Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . 6
          2.    *Sufficiency of the Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
               a. Weight of the Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
               b. Sufficiency of the Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     E.    *Right to Present a Defense/Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
          1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
          2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
     F.    *Destruction of Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
          1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
          2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
     G.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . 17
          1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
          2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
     H.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

---

    [1]By Order entered this date, Linda Tribley has been substituted in place of Barry D. Davis as the proper respondent in this action.

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny a certificate of appealability.

II.     REPORT:

A.    *Procedural History*

1.      Petitioner Darnell Samuel Watkins is a state prisoner, currently confined at the Ojibway Correctional Facility in Marenisco, Michigan.

2.      Following a bench trial, defendant was convicted of possession of 50 or more but less than 450 grams of cocaine, MICH. COMP. LAWS §333.7403(2)(a)(*iii*), possession of less than 25 grams of fentanyl, MICH. COMP. LAWS §333.7403(2)(a)(*v*), and possession of a controlled substance analogue, MICH. COMP. LAWS §333.7403(2)(b)(*ii*).  Pursuant to MICH. COMP. LAWS §769.12, he was sentenced as a fourth habitual offender to concurrent prison terms of 51 months' to 20 years' imprisonment for the possession of cocaine conviction, 1-4 years' imprisonment for the possession of fentanyl conviction, and 1-2 years' imprisonment for the possession of an analogue conviction.

3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

I.      THE TRIAL COURT ERRED WHEN IT DENIED PETITIONER'S MOTION FOR A NEW TRIAL.

II.     THE TRIAL COURT ERRED WHEN IT EXCLUDED EVIDENCE PERTAINING TO ANOTHER ARRESTEE WHO HAD ALLEGEDLY BEEN CONVICTED IN FEDERAL COURT FOR CONSPIRACY TO DISTRIBUTE HEROINE AND COCAINE FROM 2005-2007 IN THE SAME NEIGHBORHOOD WHERE PETITIONER WAS ARRESTED.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Watkins*, No. 278953, 2008 WL 7488904 (Mich. Ct. App. 2008) (per curiam).

4.      Petitioner, proceeding *pro se*, sought leave to appeal these two issues to the Michigan

2

Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard

order. *See People v. Watkins*, 483 Mich. 917, 762 N.W.2d 487 (2009).

     5.     Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus

on December 23, 2009. As grounds for the writ of habeas corpus, he raises the two claims that he

raised in the state courts. Subsumed within his first claim relating to his new trial motion, petitioner

contends that (1) he is actually innocent based on newly discovered evidence; (2) the evidence was

insufficient; and (3) the police destroyed evidence.

     6.     Respondent filed her answer on June 23, 2010. She contends that petitioner's claims

are either without merit or state law claims which are not cognizable on habeas review.

B.     *Factual Background Underlying Petitioner's Conviction*

     Petitioner's conviction arises from his flight from the police, during which the officers

observed him discarding a bag containing controlled substances. The evidence adduced at trial was

accurately summarized by the Michigan Court of Appeals:

> In the early morning hours, police officers patrolling the Jeffries projects for narcotic activity observed defendant and Ricki Manning standing near the steps on the courtyard side of a unit. The officers left their patrol car to speak with them. After the officers illuminated the area, identified themselves, and approached, the men ran into a unit and then left the building through another door. The officers pursued them. Three officers testified that they observed defendant drop or toss a bag containing the substances in question to the ground. The police eventually apprehended defendant and Manning.
>
> Defense witness Tyrice Young, who went to high school with defendant and Manning, and who played basketball at the projects with defendant, testified that from the bathroom window in his apartment, he saw defendant and two other people running out of a unit, pursued by the police. The area was dimly lit. He did not see anyone throw anything. He did not see the police pick up anything in the area, but claimed that the officers searched the house and were there for approximately two hours.
>
> The trial court found that the officers were credible, but that only part of Young's testimony was credible. The court found that defendant had possessed the discarded contraband, inasmuch as all of the officers testified that they saw him

discard it, but was not convinced that he was guilty of delivery.

*Watkins*, 2008 WL 7488904, at *1.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court

4

to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also, Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also, Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also, Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the

5

decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Innocence and Sufficiency of the Evidence*

As part of his claim that the trial court erred in denying his motion for new trial, petitioner contends that the evidence was insufficient to prove his guilt and that newly discovered evidence establishes his innocence.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.      *Actual Innocence/Newly Discovered Evidence*

To the extent petitioner contends that he is innocent, his claim does not provide a cognizable basis for habeas review.  A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Thus, the existence of new evidence, standing alone, is not a basis for granting the writ.  As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id*. at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial.");

*Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Thus, the newly discovered evidence, standing alone, provides no basis for habeas relief.

Further, petitioner's evidence falls far short of that necessary to establish that he is innocent. In *Herrera*, without elaborating further, the Court noted that even if a free-standing claim of innocence were cognizable on habeas review, "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Herrera*, 506 U.S. at 417. In *Schlup*, the Court elaborated on the showing required to establish "actual innocence" for purposes of overcoming a procedural bar to consideration of a constitutional claim. The Court explained that, to establish actual innocence, the petitioner must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted).

The Supreme Court has also explained that a petitioner cannot establish his actual innocence merely be rehashing his innocence claims raised in the state courts and relying on the evidence adduced at trial. If he could, federal habeas review would become nothing more than a second trial on the merits, something the Supreme Court has repeatedly admonished the federal courts to avoid. *See Milton v. Wainwright*, 407 U.S. 371, 377 (1972) ("The writ of habeas corpus has limited scope; the federal courts do not sit to re-try state cases *de novo*[.]"). Thus, "to be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new

7

reliable evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Examples of evidence

which may establish factual innocence include credible declarations of guilt by another, trustworthy

eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th

Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence").

Petitioner contends that the trial court abused its discretion by failing to consider the results

of a polygraph examination in connection with his claim of innocence. However, there is no duty

for a trial court to admit polygraph results as evidence for purposes of a new trial.

> In general, the use of polygraph results to prove a party's innocence is prohibited.
> *See Barnier v. Szentmiklosi*, 810 F.2d 594, 596 (6th Cir. 1987). Since polygraph
> results are not considered admissible or reliable evidence, they cannot be used to
> establish Petitioner's actual innocence so as to excuse his default. *See Bolton v.
> Berghuis*, 164 Fed. Appx. 543, 549-50 (6th Cir. 2006) (holding that polygraph results
> could not be used to establish a habeas petitioner's actual innocence so as to
> equitably toll limitations period for filing a habeas petition, because polygraph
> results are not admissible or reliable evidence); *see also Cress v. Palmer*, 484 F.3d
> 844, 854-55 (6th Cir. 2007) (rejecting as non-cognizable habeas petitioner's
> freestanding actual innocence claim which was based in part on a "qualified"
> polygraph report). Since Petitioner has not presented any new reliable evidence that
> he is innocent of these crimes, a miscarriage of justice will not occur if the Court
> declined to review Petitioner's claims on the merits. See *Johnson v. Smith*, 219 F.
> Supp. 2d 871, 882 (E.D. Mich. 2002).

*Evans v. Watkins*, No. 05-CV-74830 2007 WL 1775384, at *7 (E.D. Mich. June 20, 2007) (Borman,

J.). Thus, neither the trial court's failure to consider the polygraph results nor petitioner's assertion

of innocence provides a basis for habeas relief.

2.      *Sufficiency of the Evidence*

Petitioner also argues that the jury's verdict was against the great weight of the evidence.

The Court should conclude that this claim is not cognizable on habeas review. To the extent

petitioner claims the evidence was constitutionally insufficient, the claim is without merit.

8

*a.  Weight of the Evidence*

It is well established that habeas review is not available to correct errors of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws.").  The federal constitution requires only that the evidence be sufficient to sustain the conviction under the standard established in *Jackson v. Virginia, infra*.  Where the evidence is sufficient as a matter of due process, a claim that the verdict was against the weight of the evidence presents a state law issue which is not cognizable on habeas review.  *See Douglas v. Hendricks*, 236 F. Supp. 2d 412, 435-36 (D.N.J. 2002); *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002) (Friedman, J.); *Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001); *cf. Tibbs v. Florida*, 457 U.S. 31, 44 (1982) (noting in a different context that "trial and appellate judges commonly distinguish between weight and sufficiency of the evidence.").  In short, "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight of the evidence.'"  *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985).

Thus, the only question here is whether the evidence was constitutionally sufficient to prove all the elements of the offense for which petitioner was convicted beyond a reasonable doubt.

*b.  Sufficiency of the Evidence*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970).  Under the pre-AEDPA

standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).   Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution.  *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992).  In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence.  *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).  However, under the amended version § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision.  Thus, the question here is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1998); *Restrepo v. DiPaolo*, 1 F. Supp. 2d 103, 106 (D. Mass 1998).

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, *see Jackson*, 443 U.S. at 324, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  Thus, "[a] federal court must look to state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999).

Here, the arresting officers testified that they saw petitioner drop a bag on the ground which was later determined to contain cocaine.  This evidence was sufficient to establish petitioner's

possession of cocaine. *See Gonzalez v. Unites States*, 929 F. Supp. 252, 254 (E.D. Mich. 1996)(Gadola, J.) (citation omitted) ("The crime of possession is complete when possession occurs. Therefore, when the agents observed the petitioner carrying the bag containing the drugs the crime was complete."); *People v. Goree*, No. 213413, 200 WL 33418961, at *1 (Mich. Ct. App. May 3, 2000) ("where an officer testified that he observed defendant dropping the bag containing the packs of heroin, there was sufficient evidence to show that defendant possessed the bag.") .  Although petitioner contends that the officers were not credible, this argument does not call into question the sufficiency of the evidence.  It is well-established that it is the job of the finder of fact, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the fact-finder resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326; *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir. 1996); *see also, United States v. Bailey*, 444 U.S. 394, 414-15 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story.").  "The fact that the testimony is contradictory does not mean that the evidence is insufficient, only that the [fact-finder] must make credibility determinations." *Government of the Virgin Islands v. Isaac*, 50 F.3d 1175, 1179 (3d Cir. 1995).  Nor does petitioner's claim that the trial court erred in admitting the testimony of the officers call into question the sufficiency of the evidence.  While the erroneous admission of evidence may, or may not, entitle a habeas petitioner or appellant to relief on that basis, in assessing the sufficiency of the evidence the Court is required to weigh all of the evidence, even that evidence which was improperly admitted.  *See United States v. Garneglia,* 47 Fed. Appx. 27, 34-36 (2d Cir. 2002); *United States v. Castaneda*, 16 F.3d 1504, 1510 (9th Cir. 1994); *cf. Lockhart v. Nelson*, 488 U.S. 33, 38-39 (1988) (in assessing whether evidence was sufficient for purposes of determining whether

11

retrial is permitted under the Double Jeopardy Clause, court looks at all the evidence admitted, even that which was improperly admitted).  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.      *Right to Present a Defense/Evidence*

Petitioner next claims that he was denied his right to present a defense by the trial court's failure to consider his polygraph results in connection with his motion for a new trial, and by the court's failure to consider evidence that the person with whom he was arrested was subsequently convicted of selling a substantial amount of cocaine.

1.      *Clearly Established Law*

Unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional violation.  *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483, 487 (6th Cir. 1987).  "[A] federal habeas court has nothing whatsoever to do with reviewing a state court ruling on the admissibility of evidence under state law.  State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution."  *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).  As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial."  *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994); *see also, Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process).

12

In short, "[o]nly when the evidentiary ruling impinges on a specific constitutional protection or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999); *see also*, *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Where a specific constitutional right–such as the right to confront witnesses or to present a defense–is not implicated, federal habeas relief is available only if the allegedly erroneously admitted evidence "is almost totally unreliable and . . . the factfinder and the adversary system will not be competent to uncover, recognize, and take due account of its shortcomings." *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983).

Although the Constitution does not explicitly provide a criminal defendant with the right to "present a defense," the Sixth Amendment provides a defendant with the right to process to obtain witnesses in his favor and to confront the witnesses against him, and the Fourteenth Amendment guarantees a defendant due process of law. Implicit in these provisions is the right to present a meaningful defense. As the Supreme Court has recognized, "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense." *Washington v. Texas*, 388 U.S. 14, 19 (1967). "The right to compel a witness' presence in the courtroom could not protect the integrity of the adversary process if it did not embrace the right to have the witness' testimony heard by the trier of fact. The right to offer testimony is thus grounded in the Sixth Amendment." *Taylor v. Illinois*, 484 U.S. 400, 409 (1988). Further, the Court has noted that "[t]his right is a fundamental element of due process of law," *Washington*, 388 U.S. at 19, and that "[f]ew rights are more fundamental[.]" *Taylor*, 484 U.S. at 408. Although the right to present a defense is fundamental, it is not absolute. Thus, the right must yield to other constitutional rights, *see e.g.*, *United States v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978)

13

("The Sixth Amendment right of an accused to compulsory process to secure attendance of a witness does not include the right to compel the witness to waive his Fifth Amendment privilege."), or to other legitimate demands of the criminal justice system, *see United States v. Scheffer*, 523 U.S. 303, 308 (1998).

To constitute a denial of the right to present a defense, a trial court's exclusion of evidence must "infringe[] upon a weighty interest of the accused." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). A "weighty interest of the accused" is infringed where "the exclusion of evidence seriously undermined 'fundamental elements of the defendant's defense' against the crime charged." *Miskel v. Karnes*, 397 F.3d 446, 455 (6th Cir. 2005) (quoting *Scheffer*, 523 U.S. at 315). Thus, "'[w]hether the exclusion of [witnesses'] testimony violated [defendant's] right to present a defense depends upon whether the omitted evidence [evaluated in the context of the entire record] creates a reasonable doubt that did not otherwise exist.'" *United States v. Blackwell*, 459 F.3d 739, 753 (6th Cir. 2006) (quoting *Washington v. Schriver*, 255 F.3d 45, 47 (2d Cir. 2001)) (alterations by quoting court). In other words, application of the rules of evidence constitute a denial of the right to present a defense only where it "significantly undermine[s] fundamental elements of the accused's defense," *Scheffer*, 523 U.S. at 315–that is, where the application of the evidentiary rules "infringe[s] upon a weighty interest of the accused." *Scheffer*, 523 U.S. at 308.

2.     *Analysis*

Petitioner sought to bolster his own credibility by presenting a favorable polygraph result during a post-trial hearing in order to gain a new trial. At that point, the trial court was made aware of the polygraph result and acknowledged the good reputation of the polygraph examiner. Still, the court found the result to be insufficient to warrant a new trial. Thus, the trial court did not consider

14

the polygraph evidence.  In any event, Michigan categorically excludes from evidence the results of polygraph examinations.  *See People v. Jones*, 468 Mich. 345, 355, 662 N.W.2d 376, 382 (2003); *People v. Kahley*, 277 Mich. App. 182, 183, 744 N.W.2d 194, 196 (2007).  This *per se* rule excluding polygraph results does not infringe the petitioner's right to present a defense.  *See Scheffer*, 523 U.S. at 309-17.

Nor can petitioner show that he was denied a fair trial by the fact that the other person arrested with him was subsequently convicted of a drug offense.  The subsequent conviction of that other person does not make it more or less probable that petitioner possessed the drugs which were recovered by the police on the night of the crime, nor does it call into question the officers' testimony that they witnessed petitioner throwing the bag to the ground.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.      *Destruction of Evidence*

Finally, petitioner claims that the police and prosecutor destroyed evidence.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

The Due Process Clause requires the state to disclose exculpatory evidence to the defense. *See Brady v. Maryland*, 373 U.S. 83 (1963).  "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Thus, in order to establish a *Brady* claim, petitioner must show that: (1) evidence was suppressed by the prosecution in that it was not known to petitioner and not available from another source; (2)

15

the evidence was favorable or exculpatory; and (3) the evidence was material to the question of petitioner's guilt. *See Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000); *Luton v. Grandison*, 44 F.3d 626, 628-29 (8th Cir. 1994); *see also*, *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). Petitioner bears the burden of establishing each of these three elements. *See Carter*, 218 F.3d at 601.

        2.     *Analysis*

Here, petitioner is not entitled to relief because he points to no exculpatory evidence which was withheld by the prosecution. It is apparent from the record that no video from the night of the chase was preserved. This is likely due to the lack of practical usefulness of video footage that is non-informative. There is no reason to assume that the police recorded the entire pursuit of petitioner and Mr. Manning. The facts indicate that the path of evasion went through residential property divided by fences, which would render video equipment fixed to a police vehicle unable to record the full pursuit. It is well established, that "*Brady* . . . does not require the government to create exculpatory material that does not exist." *United States v. Sukumolachan*, 610 F.2d 685, 687 (9th Cir. 1980); *see also*, *Richards v. Solem*, 693 F.2d 760, 766 (8th Cir. 1982) ("Although the state has a duty to disclose evidence, it does not have a duty to create evidence."). As the Supreme Court has explained, the government in a criminal prosecution "do[es] not have a constitutional duty to perform any particular test." *Arizona v. Youngblood*, 488 U.S. 51, 59 (1988).

Nor can petitioner claim that he was denied a fair trial by the destruction of the video or failure to preserve fingerprints on the bag of illicit drugs. Nothing in the record suggests that such a video was ever recorded. The failure to preserve fingerprints was a harmless occurrence due to the nature of collecting and securing contraband while pursuing the fleeing suspects. To succeed

16

on a destruction of evidence claim, petitioner must show that the evidence was destroyed in bad faith, *see Youngblood*, 488 U.S. at 57-58; *California v. Trombetta*, 467 U.S. 479, 488 (1984), and that the evidence "possess[ed] an exculpatory value that was *apparent before* the evidence was destroyed[.]" *Trombetta*, 467 U.S. at 489 (emphasis added); *accord Jones v. McCaughtry*, 965 F.2d 473, 477 (7th Cir. 1992).

Petitioner has offered nothing to rebut the prosecution's explanation regarding the video and fingerprint evidence, nor has he established bad faith on the part of the police in failing to produce any video evidence or preserving fingerprints.  There is nothing but petitioner's own speculation that a video or fingerprints would have uncovered exculpatory evidence which would have affected the outcome of his trial.  Petitioner has no right to access evidence that does not exist.  *See United States v. Jobson*, 102 F.3d 214, 219 (6th Cir. 1996).  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

G.     *Recommendation Regarding Certificate of Appealability*

1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack*

17

*v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a

18

recommendation regarding the certificate of appealability issue here.

2.     *Analysis*

If the Court accepts my recommendation, the Court should also deny petitioner a certificate of appealability, for the reasons explained above.  Petitioner's actual innocence claim does not present a cognizable basis for habeas review, and the officers' testimony alone provides sufficient evidence to support petitioner's conviction.  Further, the Supreme Court has held that a trial court's failure to consider polygraph evidence does not deprive a defendant of his right to present a defense. Thus, the resolution of petitioner's claims relating to his motion for new trial is not reasonably debatable.  Likewise, petitioner has failed to show that the prosecution suppressed any favorable evidence, or acted in bad faith in failing to preserve any fingerprints that may have been on the bag of drugs or the police videotape.  Thus, the resolution of petitioner's *Brady* claim is not reasonably debatable.  Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

H.     *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

2:09-cv-14990-PDB-PJK   Doc # 13   Filed 04/13/11   Pg 20 of 20   Pg ID 455

R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:4/13/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on April 13, 2011.

s/Eddrey Butts
Case Manager